UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23223-CIV-DPG

SHALOM KATZ and all others similarly )
situated under 29 U.S.C. 216(b), )
)
            Plaintiffs, )
   vs. )
)
WORLD LIQUIDATORS, INC., )
MEIR PERETZ, )
)
           Defendants. )
_____ )

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS, CLAIM FOR UNPAID WAGES UNDER F.S. § 448.08 AS AN ALTERNATIVE CLAIM TO PLAINTIFF'S MINIMUM WAGE COUNT, FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110, AND CLAIM FOR UNJUST ENRICHMENT[1]**

Plaintiff, SHALOM KATZ, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this First Amended Complaint against Defendants, WORLD LIQUIDATORS, INC., and MEIR PERETZ, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant WORLD LIQUIDATORS, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading or served a motion under Rule 12(b)(e) or (f) and, as such, Plaintiff amends as a matter of course.

Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant MEIR PERETZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified

at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as an in-house sales representative from on or about February 2000 through on or about July 6, 2017.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. 29 C.F.R. § 776.23(d)(2)(2005); 29 C.F.R. § 776.24 (2005). Plaintiff used phone, internet, and wire communications to perform work for Defendants on a regular basis during his employment, as many customers Plaintiff serviced on behalf of Defendants on a regular basis were outside the State of Florida and in locations such as New York and New Jersey, and across the country. Plaintiff was involved in processing the intrastate and interstate purchases of Defendants' customers in locations such as New York, New Jersey, and across the

country; and Plaintiff regularly and daily handled products (i.e. clothes, technology, etc.) being shipped to and from businesses inside and outside the State of Florida.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2017 and is expected to exceed $500,000 for the year 2017.

15. Between the period of on or about February 2000 through on or about July 6, 2017, Plaintiff worked an average of 43.5 hours a week for Defendants and was paid an average of $2.17 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than—$5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

18. Between the period of on or about February 2000 through on or about July 6, 2017, Plaintiff worked an average of 43.5 hours a week for the Defendants. Plaintiff was paid an average of $2.17 per hour for said work in violation of the Fair Labor Standards Act as said payment of an average of $2.17 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate

of $2.17/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

19. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

20. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III. CLAIM FOR UNPAID WAGES UNDER F.S. § 448.08 AS AN ALTERNATIVE CLAIM TO COUNT II AND COUNT V

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

21. This Court has jurisdiction for Plaintiff unpaid wage claim as this is a claim for unpaid wages pursuant to Fla. Stat. § 448.08.

22. Between the period of on or about February 2000 through on or about July 6, 2017, Plaintiff worked an average of 43.5 hours a week for the Defendants. Plaintiff was paid an average of $2.17 per hour in violation of the Fair Labor Standards Act as said payment of $2.17/hr for an average of 43.5 hours of work a week for Defendants did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff is owed unpaid wages at the applicable minimum wage rate and the applicable half-time overtime rate for overtime hours worked for an average of 43.5 hours worked a week for Defendants for which Defendants did not pay Plaintiff anything at all.

23. Plaintiff therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid all his wages for an average of 43.5 hours per week worked for Defendants.

24. To the extent that the unpaid wages claim and minimum wages claim are duplicative, Plaintiff requests the greater of the two.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute § 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with court costs,

interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT IV. UNJUST ENRICHMENT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-24 above and further states:

25. Plaintiff seek this claim in equity based on such facts, should it be determined he cannot recover at law under Counts I, II, and III herein.
26. Due to the aforesaid facts, the Plaintiff has conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for them, because Defendants chose to maximize their staff.
27. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants were legally responsible to pay for.

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT V. FLORIDA MINIMUM WAGE VIOLATIONS

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-27 above and further states:

28. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

29. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

30. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

31. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's minimum wage claims against the Defendants.

32. On August 25, 2017, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a). Thereafter, on September 14, 2017, Plaintiff served Defense Counsel, Thomas H.

Loffredo, Esq., as agreed to via email the Florida Minimum Wage Notices along with the Summons and initial Complaint. *See,* [DE15]; *See also,* Exhibit "A."

33. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expires on September 29, 2017. However, as reflected by the attached Exhibit "A," Defense Counsel has agreed to waive the 15 calendar days and as of the date of filing the instant First Amended Complaint, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

34. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

35. Between the period of on or about February 2000 through on or about July 6, 2017,

Plaintiff worked an average of 43.5 hours a week for Defendants. Plaintiff was paid $2.17/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[2] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.17/hr and the applicable minimum wage rate for all hours worked.

36. The Defendants' wage payment practices to Plaintiff for the above mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

37. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Florida Constitution, along with court

---

[2] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                          Respectfully Submitted,

                                          J.H. Zidell, Esq.
                                          J.H. Zidell, P.A.
                                          Attorney For Plaintiff
                                          300 71st Street, Suite 605
                                          Miami Beach, Florida 33141
                                          Tel: (305) 865-6766
                                          Fax: (305) 865-7167
                                          Email: ZABOGADO@AOL.COM

                                          By:__/s/ J.H. Zidell_____
                                                J.H. Zidell, Esq.
                                             Florida Bar Number: 0010121

<b><u>CERTIFICATE OF SERVICE</u></b>

<b>I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 9/20/17 TO:</b>

<b>THOMAS H. LOFFREDO, ESQ.<br>
GRAY ROBINSON, P.A.<br>
401 EAST LAS OLAS BOULEVARD, SUITE 1000<br>
FORT LAUDERDALE, FLORIDA 33301<br>
PH: 954-761-8111<br>
FAX: 954-761-8112<br>
EMAIL: TOM.LOFFREDO@GRAY-ROBINSON.COM</b>