UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:17-cv-23223-JLK

SHALOM KATZ and all others similarly
situated under 29 U.S.C. 216(b),

      Plaintiffs,

vs.

WORLD LIQUIDATORS, INC.,
MEIR PERETZ,

      Defendants.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendants, WORLD LIQUIDATORS, INC., and MEIR PERETZ, ("PERETZ" or "Defendants"), by and through their undersigned attorneys, hereby file their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint.  Defendants' responses to the corresponding headings and each of the specifically numbered paragraphs of the First Amended Complaint are as follows.

1.     This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

**RESPONSE:  Defendants admit that Plaintiff has brought this action under the Fair Labor Standards Act ("FLSA"), but deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

2.     The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

**RESPONSE: Admitted upon information and belief.**


3.      The Defendant WORLD LIQUIDATORS, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

**RESPONSE:  Defendants admit that World Liquidators employed Plaintiff and conducted business in Miami-Dade County, Florida.  The remaining allegations constitute conclusions of law which cannot be admitted or denied as assertions of fact, therefore they are denied.**


4.      The individual Defendant MEIR PERETZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

**RESPONSE:  Defendants admit that Peretz is an owner and officer in World Liquidators.  The remaining allegations constitute conclusions of law which cannot be admitted or denied as assertions of fact, therefore they are denied.**


5.      All acts or omissions giving rise to this dispute took place in Miami-Dade County.

**RESPONSE:  Defendants admit that Plaintiff worked for World Liquidators in Miami-Dade County, but deny Plaintiff's allegations of acts or omissions, and deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6.      This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

**RESPONSE:  Defendants admit that Plaintiff has brought this action under the Fair Labor Standards Act ("FLSA"), but deny that Plaintiff or any other current or former World Liquidators employee is entitled to any relief sought in the Amended Complaint. The remaining allegations of this paragraph are denied.**

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

**RESPONSE:  Defendants admit that the Court has jurisdiction under the FLSA for claims brought by Plaintiff, but deny that Plaintiff or any other current or former World Liquidators employee is entitled to any relief sought in the Amended Complaint.**

8.      29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

**RESPONSE:  Defendants assert that the section of the FLSA cited here speaks for itself, but deny that Plaintiff or any other current or former World Liquidators employee is entitled to any relief sought in the Amended Complaint.**

9.      Plaintiff worked for Defendants as an in-house sales representative from on or about February 2000 through on or about July 6, 2017.

**RESPONSE:  Denied.**

10.      Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

**RESPONSE:   These allegations constitute conclusions of law which cannot be admitted or denied as assertions of fact, therefore they are denied.**

11.    For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. 29 C.F.R. § 776.23(d)(2)(2005); 29 C.F.R. § 776.24 (2005). Plaintiff used phone, internet, and wire communications to perform work for Defendants on a regular basis during his employment, as many customers Plaintiff serviced on behalf of Defendants on a regular basis were outside the State of Florida and in locations such as New York and New Jersey, and across the country. Plaintiff was involved in processing the intrastate and interstate purchases of Defendants' customers in locations such as New York, New Jersey, and across the country; and Plaintiff regularly and daily handled products (i.e. clothes, technology, etc.) being shipped to and from businesses inside and outside the State of Florida.

**RESPONSE:   These allegations constitute conclusions of law which cannot be admitted or denied as assertions of fact, therefore they are denied.**

12.    Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

**RESPONSE:   These allegations constitute conclusions of law which cannot be admitted or denied as assertions of fact, therefore they are denied.**

13.     Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

**RESPONSE: Admitted.**

14.     Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2017 and is expected to exceed $500,000 for the year 2017.

**RESPONSE: Admitted.**

15.     Between the period of on or about February 2000 through on or about July 6, 2017, Plaintiff worked an average of 43.5 hours a week for Defendants and was paid an average of $2.17 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum wage.

**RESPONSE: Denied.**

16.     Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing

Plaintiff these wages since the commencement of Plaintiffs employment with Defendants for the time period specified above.

      **RESPONSE:  Denied.**

      Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

      **RESPONSE:  Defendants admit that Plaintiff demands a trial by jury, but deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

      **WHEREFORE, Defendants, by and through their undersigned attorneys, hereby move this Court for entry of Final Judgment on all counts of the Amended Complaint, an award of attorneys' fees and costs incurred in defending this action, and any other relief deemed appropriate by the Court.**

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

      COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17.     29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than—$5.85 an hour..." On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

**RESPONSE:  Defendants assert that the cited statute speaks for itself.  Defendants deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

18.     Between the period of on or about February 2000 through on or about July 6, 2017, Plaintiff worked an average of 43.5 hours a week for the Defendants. Plaintiff was paid an average of $2.17 per hour for said work in violation of the Fair Labor Standards Act as said payment of an average of $2.17 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $2.17/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

**RESPONSE:  Denied.**

19.     The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

**RESPONSE:  Denied.**

20.     Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**RESPONSE:  Denied.**


Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**RESPONSE:  Defendants admit that Plaintiff demands a trial by jury, but deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**


**WHEREFORE, Defendants, by and through their undersigned attorneys, hereby move this Court for entry of Final Judgment on all counts of the Amended Complaint, an award of attorneys' fees and costs incurred in defending this action, and any other relief deemed appropriate by the Court.**

## COUNT III. CLAIM FOR UNPAID WAGES UNDER F.S. § 448.08 AS AN ALTERNATIVE CLAIM TO COUNT II AND COUNT V

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

21.     This Court has jurisdiction for Plaintiff unpaid wage claim as this is a claim for unpaid wages pursuant to Fla. Stat. § 448.08.

**RESPONSE:  Defendants admit that the Court has supplemental jurisdiction over the asserted claim, but deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

22.     Between the period of on or about February 2000 through on or about July 6, 2017, Plaintiff worked an average of 43.5 hours a week for the Defendants. Plaintiff was paid an average of $2.17 per hour in violation of the Fair Labor Standards Act as said payment of $2.17/hr for an average of 43.5 hours of work a week for Defendants did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff is owed unpaid wages at the applicable minimum wage rate and the applicable half-time overtime rate for overtime hours worked for an average of 43.5 hours worked a week for Defendants for which Defendants did not pay Plaintiff anything at all.

**RESPONSE:  Denied.**

23.     Plaintiff therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid all his wages for an average of 43.5 hours per week worked for Defendants.

**RESPONSE:   Defendants deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

24.     To the extent that the unpaid wages claim and minimum wages claim are duplicative, Plaintiff requests the greater of the two.

**RESPONSE:   Defendants deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute § 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiffs entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**RESPONSE:  Defendants admit that Plaintiff demands a trial by jury, but deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

**WHEREFORE, Defendants, by and through their undersigned attorneys, hereby move this Court for entry of Final Judgment on all counts of the Amended Complaint, an award of attorneys' fees and costs incurred in defending this action, and any other relief deemed appropriate by the Court.**

<u>**COUNT IV. UNJUST ENRICHMENT**</u>

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-24 above and further states:

25.    Plaintiff seek this claim in equity based on such facts, should it be determined he cannot recover at law under Counts I, II, and III herein.

**RESPONSE:  Defendants deny that Plaintiff is entitled to any equitable relief, nor any other relief sought in the Amended Complaint.**

26.    Due to the aforesaid facts, the Plaintiff has conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for them, because Defendants chose to maximize their staff.

**RESPONSE:  Denied.**

27.    It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants were legally responsible to pay for.

**RESPONSE**:  **Denied.**

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for damages along with

fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

**RESPONSE**:  **Defendants admit that Plaintiff demands a trial by jury, but deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

**WHEREFORE, Defendants, by and through their undersigned attorneys, hereby move this Court for entry of Final Judgment on all counts of the Amended Complaint, an award of attorneys' fees and costs incurred in defending this action, and any other relief deemed appropriate by the Court.**

## COUNT V. FLORIDA MINIMUM WAGE VIOLATIONS

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-27 above and further states:

28.     Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

**RESPONSE**:  **Defendants assert that the cited statute speaks for itself.  Defendants deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

29.     Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

**RESPONSE**:  **Defendants assert that the cited statute speaks for itself.  Defendants deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**


30.     Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

**RESPONSE:  Defendants assert that the cited statute speaks for itself.  Defendants deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**


31.     All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's minimum wage claims against the Defendants.

**RESPONSE**:  **Denied.**


32.     On August 25, 2017, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a). Thereafter, on September 14, 2017, Plaintiff served Defense Counsel, Thomas H. Loffredo, Esq., as agreed to via email the Florida Minimum Wage Notices along with the Summons and initial Complaint. *See*, [DE15]; *See also*, Exhibit "A."

**RESPONSE:  Defendants are without knowledge to admit or deny the allegations regarding the alleged mailing, therefore they are denied.  Defendants admit the allegations concerning service on counsel.**

33.    Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expires on September 29, 2017. However, as reflected by the attached Exhibit "A," Defense Counsel has agreed to waive the 15 calendar days and as of the date of filing the instant First Amended Complaint, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

**RESPONSE**:  **Defendants assert that the cited statute speaks for itself.   The remaining allegations are admitted.**

34.    As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor

Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

**RESPONSE**:  **Defendants deny that Plaintiff is entitled to any relief sought in the Amended Complaint.**

35.     Between the period of on or about February 2000 through on or about July 6, 2017, Plaintiff worked an average of 43.5 hours a week for Defendants. Plaintiff was paid $2.17/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution[1]. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.17/hr and the applicable minimum wage rate for all hours worked.

**RESPONSE**:  **Denied.**

36.     The Defendants' wage payment practices to Plaintiff for the above mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

**RESPONSE**:  **Denied.**

---

[1] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates

37.     Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

**RESPONSE**:  **Denied.**

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**RESPONSE**:  **Defendants admit that Plaintiff demands a trial by jury, but deny that Plaintiff is entitled to any relief sought in the Amended Complaint**.

**WHEREFORE, Defendants, by and through their undersigned attorneys, hereby move this Court for entry of Final Judgment on all counts of the Amended Complaint, an award of attorneys' fees and costs incurred in defending this action, and any other relief deemed appropriate by the Court.**

To the extent that Defendants did not specifically respond to any allegation in the Amended Complaint, that allegations is denied.    Defendants reserve the right to amend, supplement, and/or correct this answer and/or affirmative defenses in this action.

## **AFFIRMATIVE DEFENSES**

As and for its affirmative defenses, Defendants state as follows:

1.      Some or all of Plaintiff's claims are barred by his failure to state a cause of action and/or his failure to exhaust administrative remedies.

2.      Plaintiff is exempt under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), or otherwise not entitled to recovery under the FLSA.

3.      Defendant Peretz was not an "employer" of Plaintiff within the meaning of the FLSA, thus he is not liable to Plaintiff.

4.      Defendants properly paid Plaintiff, as well as any alleged similarly situated employee, for all wages owed, including overtime or minimum wage pay; therefore, neither Plaintiff, nor any alleged similarly situated employee, are entitled to the back pay or the unpaid wages claimed in this action.

5.      If Plaintiff or any alleged similarly situated employee was not paid his/her correct wages, any failure to not properly compute or pay correct wages was *de minimus*, unintentional, inadvertent and not willful.

6.      Defendants are entitled to an offset from Plaintiff for Defendants' payment or overpayment of wages or any other monies to Plaintiff he may have received during his employment.

7.      Plaintiff's claims are barred by the doctrine of payment.

8.      Even if Plaintiff was entitled to any recovery – which Defendants deny – any such recovery must be set-off against the amounts paid to the Plaintiff by any other party.

9.      Defendants' actions pertaining to computation and payments of Plaintiff's wages were based on Defendants' good faith belief and understanding of the requirements of the FLSA.

10.     Plaintiff is not entitled to any statutory penalties or liquidated damages that he may be seeking due to Defendants' established procedures that are intended to assure that employees of the company are paid their proper and correct wages pursuant to the FLSA.

11.     Plaintiff is not entitled to any statutory penalties or liquidated damages that he may be seeking due to Defendants' record of correctly and properly computing and paying the wages owed to its employees pursuant to the FLSA and Defendants' understanding of the FLSA.

12.     All actions taken by Defendants with respect to Plaintiff were lawfully made and were in good faith and not malicious, wanton or willful.  At all times material hereto, Defendants acted in good faith, had reasonable grounds for believing that its policies and practices were not in violation of the FLSA and were otherwise in compliance with all applicable laws and regulations, including without limitation those promulgated by the Department of Labor.

13.     Some or all of Plaintiff's statutory claims, as well as those of any alleged similarly situated employee, are barred by the applicable limitations provisions.

14.     Defendants assert that some or all of Plaintiff's claims are barred by the doctrine of waiver, unclean hands, and estoppel and/or estoppel by silence, to the extent that Plaintiff misled or misinformed the Defendants regarding the number of hours actually worked; committed any wrongdoing directly relating to Plaintiff's claims; failed to report any of the hours allegedly worked; and/or failed to obey and comply with any company policies.

15.      Defendants assert that Plaintiff's claims for a collective action are overly broad and unduly vague, and that Plaintiff does not adequately represent the class alleged in the Complaint.

16.     Without admitting any violations of the FLSA occurred, the *de minimus* rule applies to any alleged back wages.

WHEREFORE, Defendants respectfully request judgment be entered against Plaintiff, that Plaintiff's demand for damages, costs and attorney's fees be denied, and that Defendants be awarded their reasonable attorneys' fees and costs, and any other relief the Court deems just and proper.

DATED this 10th day of October, 2017.


s/Thomas H. Loffredo
Thomas H. Loffredo, Esq.
Florida Bar No. 870323
tom.loffredo@gray-robinson.com
**GRAYROBINSON, P.A.**
401 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, Florida 33301
Telephone:     954-761-8111
Facsimile:     954-761-8112
*Attorney for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2017 the foregoing document was filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/Thomas H. Loffredo

## <u>SERVICE LIST</u>

J.H. Zidell, Esq.
E-Mail:  zabogado@aol.com
**J.H. ZIDELL, P.A.**
300 71st Street
Suite 605
Miami Beach, Florida  33141
Telephone:     305-865-6766
Facsimile:     305-865-7167
*Attorney for Plaintiff*

Thomas H. Loffredo, Esq.
E-Mail:  tom.loffredo@gray-robinson.com
**GRAYROBINSON, P.A.**
401 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, Florida  33301
Telephone:     954-761-8111
Facsimile:     954-761-8112
*Attorney for Defendants*