UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23223-CIV-DPG

SHALOM KATZ and all others similarly )
situated under 29 U.S.C. 216(b), )
  )
                    Plaintiffs, )
    vs. )
  )
WORLD LIQUIDATORS, INC., )
MEIR PERETZ, )
  )
                    Defendants. )
_____ )

### PLAINTIFF'S MOTION TO DEEM REQUESTS FOR ADMISSIONS AS ADMITTED AS TO DEFENDANTS[1]

COMES NOW the Plaintiff, by and through the undersigned counsel, and files the Motion to Deem Requests for Admissions as to Defendants as Admitted due to Failure to Respond, and in support thereof states as follows:

1. Pursuant to Fed.R.Civ.P. 36(a), failure to timely respond to requests for admission results in *automatic* admission of the matters requested.

2. On November 20, 2017, Plaintiff served all Defendants, by and through their Counsel Tom Loffredo, Esq., with Plaintiff's initial discovery including Plaintiff's First Request for Admissions, First Request for Production, and Interrogatories.[2] *See attached hereto* Exhibit "A."

---

[1] The instant Motion does not contain a Certificate of Conferral as Plaintiff herein seeks dispositive relief, analogous to a motion for summary judgment, which does not require conferral under the applicable Rules.

[2] Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

3. Per the second paragraph of said Request for Admissions, "The term "Defendant" herein shall include "Defendants", and the term "Plaintiff" herein shall include "Plaintiffs". The term "Plaintiff" and "Plaintiffs" herein shall include SHALOM KATZ.  The term "Defendant," "Defendants," and "you" herein shall include WORLD LIQUIDATORS, INC., and MEIR PERETZ." Further, the email serving said discovery specifically states as follows:

> "Please find attached hereto Plaintiff's initial discovery including Plaintiff's First Request for Admissions, First Request for Production, Notice of Serving First Set of Interrogatories, and First Set of Interrogatories, **directed towards EACH Defendant**." [emphasis added].

*See,* Exhibit "B."

4. All Defendants failed to respond, timely or otherwise, to Plaintiff's First Request for Admissions.

5. Therefore, Plaintiff respectfully requests for Plaintiff's First Request for Admissions directed towards Defendants to be deemed admitted by operation of the law.

## **MEMORANDUM OF LAW**

Fed.R.Civ.P. 36(a) allows a party to "serve upon any other party a written request for the admission ... of the truth of any matters ... that relate to statements or opinions of fact or of the application of law to fact." If a party does not respond within thirty days of service of the requests, or within such time as court allows or the parties agree to in writing, "[t]he matter is admitted." *Id.* "Any matter admitted [under Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admissions. Fed.R.Civ.P 36(b). Therefore, pursuant to Fed.R.Civ.P. 36(a), failure to timely respond to requests for admission results in *automatic* admission of the matters requested.

On November 20, 2017, Plaintiff served all Defendants, by and through their Counsel Tom Loffredo, Esq., with Plaintiff's initial discovery including Plaintiff's First Request for Admissions, First Request for Production, and Interrogatories. *See attached hereto* Exhibit "A." Per the second paragraph of said Request for Admissions, "The term "Defendant" herein shall include "Defendants", and the term "Plaintiff" herein shall include "Plaintiffs". The term "Plaintiff" and "Plaintiffs" herein shall include SHALOM KATZ.  The term "Defendant," "Defendants," and "you" herein shall include WORLD LIQUIDATORS, INC., and MEIR PERETZ." Further, the email serving said discovery specifically states as follows:

> "Please find attached hereto Plaintiff's initial discovery including Plaintiff's First Request for Admissions, First Request for Production, Notice of Serving First Set of Interrogatories, and First Set of Interrogatories, **directed towards EACH Defendant**." [emphasis added].

All Defendants Responses to Plaintiff's initial discovery, including, but not limited to Plaintiff's First Request for Admissions, came due on Wednesday, December 20, 2017. On December 29, 2017, Plaintiff sent an email conferral to Defense counsel advising that Plaintiff had not received Defendants' Responses, the Parties had not agreed to an extension, and Defendants failed to seek relief from the Court. Plaintiff advised that it was Plaintiff's position that all objections had been waived and all admissions had been deemed admitted. To date, Defendants failed to respond, timely or otherwise, to Plaintiff's First Request for Admissions. As aforementioned, the Parties never agreed in writing to extend the time by which Defendants' responses were due and said Defendants never moved this Court for permission to extend the deadline for said Responses. Moreover, Defendants never moved for summary judgment thereby opposing pertinent facts alleged by Plaintiff. Thus, as Defendants have failed to respond, timely or otherwise, and,

therefore, failed to comply with the deadline as promulgated by Rule 36, Plaintiff respectfully aims to enforce the admissions to be deemed admitted and as binding in the subject lawsuit.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS FOR PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS DIRECTED TOWARDS DEFENDANTS TO BE DEEMED ADMITTED BY OPERATION OF THE LAW.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

    By:_s/ Rivkah F. Jaff, Esq. ___
       Rivkah F. Jaff, Esquire
       Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/2/18 TO:**

**THOMAS H. LOFFREDO, ESQ.
GRAY ROBINSON, P.A.
401 EAST LAS OLAS BOULEVARD, SUITE 1000
FORT LAUDERDALE, FLORIDA 33301
PH: 954-761-8111
FAX: 954-761-8112
EMAIL: TOM.LOFFREDO@GRAY-ROBINSON.COM**

    **BY:_____/s/ Rivkah F. Jaff_____
        RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23223-CIV-DPG

SHALOM KATZ and all others similarly )
situated under 29 U.S.C. 216(b), )
                                      )
            Plaintiffs,               )
      vs.                             )
                                      )
WORLD LIQUIDATORS, INC.,              )
MEIR PERETZ,                          )
                                      )
            Defendants.               )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION TO DEEM REQUESTS FOR ADMISSIONS AS ADMITTED AS TO DEFENDANTS**

This cause, having come before the Court on the above-described Plaintiff's Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted as follows:

DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS ARE HEREBY DEEMED ADMITTED.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2018.

                                                                                _____
                                                                                DARRIN P. GAYLES
                                                                                UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record