## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

SHALOM KATZ,

      Plaintiff,                      **CASE NO. 17-23223-CIV-DPG**

v.

WORLD LIQUIDATORS, INC.;
MEIR PERETZ;

      Defendants.

_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
### TO DEEM REQUESTS FOR ADMISSIONS AS ADMITTED
### WITH INCORPORATED MEMORANDUM OF LAW

Defendants World Liquidators, Inc. and Meir Peretz (collectively, the "Defendants"), respond in opposition to Plaintiff's Motion to Deem Requests for Admissions as Admitted [DOC. 29] and state as follows:

### RELEVANT BACKGROUND

On November 20, 2017, Plaintiff served undersigned counsel with Plaintiff's initial discovery: interrogatories, requests for admissions, and requests for production. The purported response deadline for the Request for Admissions was Wednesday, December 20, 2017, just prior to the Christmas holiday.

In the early morning hours of Friday, December 29, 2017, counsel for Plaintiff emailed counsel for Defendant to advise for the first time that discovery responses were overdue, but the undersigned was not in the office. On the morning of January 2, 2018, in response to a subsequent email, undersigned counsel emailed Plaintiff's counsel advising that he and his assistant were both out of the office the week of December 25th, and that the response dates had not been properly calendared in the system. To attempt to remedy the issue, counsel for

Defendants advised that responses would be provided no later than Thursday, January 4, 2018, and responsive payroll records would be provided later today.

Later that morning, on January 2, 2018, Plaintiff's counsel, without first conferring with undersigned counsel as required by the Local Rules and this Court's Scheduling Order [DOC. 27], filed Plaintiff's Motion to Deem Requests for Admissions as Admitted. DOC. 29.  Plaintiff's Motion strategically omitted any reference to undersigned counsel's prior email regarding the forthcoming discovery responses. *See id*.  In fact, prior to the filing of this opposition response earlier today, Defendants served responses to the requests for admissions, and responsive payroll documents in good faith.  The instant Motion, filed in contravention to the Local Rules and the Court's Discovery Procedures, should be denied, and this case ultimately determined on the merits.

## MEMORANDUM OF LAW

### I.   PLAINTIFF'S MOTION FAILED TO COMPLY WITH LOCAL RULES GOVERNING DISCOVERY DISPUTES AND PRE-FILING CONFERRAL ON MOTIONS.

Plaintiff admits that he failed to comply with the Local Rules governing discovery disputes and pre-filing conferral on motions.  DOC. 29, FN 2.  Plaintiff's counsel claims he did not include a Certificate of Conferral as required under Local Rule 7.1(a)(3) because "Plaintiff herein seeks dispositive relief, analogous to a motion for summary judgment, which does not require conferral under the applicable Rules." *Id*.  However, a discovery motion regarding technical admissions is not a dispositive motion.  In fact, Local Rule 7.1(a)(3) specifically lists which motions are excluded from the requirement, and it does not list any discovery motions:

> Prior to filing any motion in a civil case, **except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64**, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or **a petition to enforce or vacate an arbitration award**,

> counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.

S.D. Fla. L.R. 7.1(a)(3).

Here, Plaintiff's counsel concedes that he failed to comply with the Local Rules and accordingly, the Motion should be summarily denied.

## II.   Plaintiff's Motion Fails to Comply with this Court's Scheduling Order and Magistrate Judge Otazo-Reyes' Discovery Procedures.

Plaintiff's Motion wholly fails to comply with this Court's Scheduling Order and Magistrate Judge Otazo Reyes' Discovery Procedures and should therefore be denied. *See* Doc 27. The Scheduling Order requires:

> **Discovery Disputes.** The parties shall follow the attached discovery procedures for Magistrate Judge Otazo-Reyes. **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge requests it after a discovery hearing.**

Doc. 27 (emphases in original).   Moreover, Magistrate Judge Otazo-Reyes' Discovery Procedures echo the conferral and hearing requirements provided in the Scheduling Order and the Southern District's Local Rules:

> The moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief by contacting Magistrate Judge Otazo-Reyes' Chambers and requesting a hearing. Magistrate Judge Otazo-Reyes' telephone number is (305) 523-5740 and her Chambers are located at 301 N. Miami Avenue, 10th Floor, Miami, Florida.
>
> Once a hearing date is obtained, the movant shall provide notice to all relevant parties by filing a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and **include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3).**
>
> **No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by Magistrate Judge Otazo-Reyes.** It is the intent of this procedure to minimize the necessity of motions.

> **The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to requesting the hearing**. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.

Doc. 27 (emphasis supplied).

Here, Plaintiff's counsel (1) failed to confer with the undersigned before filing their motion, (2) disregarded and failed to reference in the Motion that undersigned counsel already advised that the outstanding discovery was forthcoming this week, and (3) failed to first set the matter for hearing before Magistrate Judge Otazo-Reyes prior to filing the Motion.  In light of the foregoing, Plaintiff's Motion should be denied for disregarding and otherwise failing to comply with the mandatory procedures of this Court.

## III.   COURTS FAVOR SUBSTANTIVE DISCOVERY RESPONSES OVER TECHNICAL ADMISSIONS.

Prior to the filing of this Response, Defendants have served their responses to Plaintiff's Requests for Admissions earlier today.  Defendants should be accepted as timely filed in the interests of justice so this action is litigated on the merits.

"[T]he court may permit withdrawal or amendment **if it would promote the presentation of the merits of the action** and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b) (emphasis supplied); *Blissful Existence Ltd. V. Kiln Syndicate 510 at Lloyds*, Case No. 13-21552-CIV-GAYLES, 2014 WL 125800034 at *1 (S.D. Fla. Aug. 12, 2014)(ordering plaintiff's technical admissions withdrawn, and deeming plaintiff's response the operative answers to the request for admissions).  In ruling on a Rule 36(b) motion, "the Court must consider "the importance of having the action resolved on the merits." *See also Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1265 (11th Cir. 2002).

Moreover, Plaintiff's counsel failed to comply with the Local Rules and this Court's procedures in filing the Motion.  In fact, the Local Rules provide for sanctions in this instance:

> Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

S.D. Fla. L.R. 7.1(a)(3).   The Local Rules clearly admonish the motion practice Plaintiff's counsel has engaged in because it lacks good faith.  This is an impermissible "gotcha" litigation strategy that "clogs courts with discovery motions." *Rosario v. Labor Ready Southeast, Inc.*, 2015 WL 12086099 at *2, Case No. 14-21496-Civ-Lenard/Goodman (S.D. Fla. Aug. 31, 2015) ("the Court finds that Labor Ready's conferral was not a 'good faith effort to resolve by agreement the issues to be raised in the motion', S.D. Fla. L.R. 7.1(a)(3), and its Motion is therefore denied")(citing *Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. U.S.*, 946 F. Supp. 2d 1302, 1317–18, (M.D. Fla 2013)).

For the reasons discussed above, Plaintiff's motion should be denied.  It has been a very short period of time over the holidays, that the responses are technically late due to a clerical error.  Plaintiff cannot be prejudiced if the admissions are not deemed technically admitted, while Defendants would be severely prejudiced under the circumstances presented here. Plaintiff's ill-filed motion without required conference would ***not*** promote the presentation of the merits of the action, as it attempts to seek a "gotcha" discovery ruling without conferring with Defendants' counsel on a reasonable discovery extension now that the holidays have concluded. Plaintiff's Motion should be denied, and Defendants' responses to the formal admissions served earlier today should be deemed as timely filed.

## IV.   OTHER FACTORS MITIGATE IN FAVOR OF HAVING CASE HEARD ON THE MERITS.

In this FLSA case, Defendants have acted in good faith in litigating Plaintiff's claims in this action.  In fact, it was Defendants, through counsel, who first suggested that the parties

engage in early mediation rather than in protracted discovery and litigation.  Accordingly, the parties are scheduled to mediate this case on January 11, 2018 before Neil Flaxman, Esq. even though the mediation deadline is not until August, 2018.  Defendants agreed to deposition dates the following week in January should the case not settle at mediation.  Judicial economy is best served by allowing the parties to engage in mediation and conduct discovery at this early stage of the case without unnecessary and prejudicial motion practice.

**WHEREFORE**, Defendants World Liquidators, Inc. and Meir Peretz respond in opposition and respectfully request that this Honorable Court enter an order denying Plaintiff's Motion to Deem Requests for Admissions as Admitted [DOC. 29], along with any other relief this Court deems just and proper under the circumstances.

Dated this 2nd day of January, 2018.

Respectfully submitted,

**GRAY|ROBINSON, P.A.**
*Counsel for Defendants*
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301
P:  954-761-8111 | F:  954-761-8112

By:     */s/Tom Loffredo*
**Thomas H. Loffredo, Esq.**
Florida Bar No. 870323
Tom.Loffredo@gray-robinson.com

## CERTIFICATE OF SERVICE

**I CERTIFY** that on January 2, 2018, a true and correct copy of the foregoing was served

upon the parties listed below via this Court's CM/ECF filing portal:

**J.H. ZIDELL P.A.**
*Counsel for Plaintiff Shalom Katz*
c/o Neil Tobak, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Eservice: ntobak.zidellpa@gmail.com

**J.H. ZIDELL P.A.**
*Counsel for Plaintiff Shalom Katz*
c/o Rivkah Gay Jaff, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Eservice: Rivkah.Jaff@gmail.com

**J.H. ZIDELL P.A.**
*Counsel for Plaintiff Shalom Katz*
c/o Jamie H. Zidell, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Eservice: zabogado@aol.com

By:     */s/Tom Loffredo*
**Thomas H. Loffredo, Esq.**
Florida Bar No. 870323