UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHALOM KATZ and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiffs,                                CASE NO.: 1:17-cv-23223-DPG

v.

WORLD LIQUIDATORS, INC.,
MEIR PERETZ,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CONTROVERTED FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants WORLD LIQUIDATORS, INC., and MEIR PERETZ ("PERETZ") (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 56 and S.D. Fla. Local Rule 56.1, by and through their undersigned counsel, hereby respond to Plaintiff's Statement of Material Facts in Opposition to Plaintiff's Motion for Summary Judgment Doc. 43] and state as follows:

### RESPONSE TO PLAINTIFF'S STATEMENT:

In response to Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment [Doc. 44], Defendants respond to each numbered paragraph therein as follows:

    1.    Defendants knew what minimum wage was and have known for at least the past five years. – **Admitted.**

    2.    Defendants knew what overtime was and have known for at least the past five years. – **Admitted.**

3. Defendants did not have an overtime policy in the years 2012 through to and including 2017. – **Admitted.**

4. Prior to the filing of this Lawsuit, Defendants and/or their agent(s) took no affirmative steps to ensure they were in compliance with the overtime and minimum wage laws. – **Admitted.**

5. Defendants and/or their agent(s) did not consult with their accountant with regards to compliance with the overtime and minimum wage laws, for the years 2012 through and including 2017. – **Admitted.**

6. Defendants and/or their agent(s) did not consult with the payroll company they used in regards to compliance with the overtime and minimum wage laws, for the years 2012 through to and including 2017. – **Admitted.**

7. Prior to the filing of this Lawsuit, Defendants and/or their agent(s) did not consult with any attorneys with regards to compliance with overtime and minimum wage laws, for the years 2012 through to and including 2017. – **Admitted.**

8. Prior to the filing of this Lawsuit, Defendants and/or their agent(s) did not consult with the Department of Labor ("DOL") with regards to compliance with the overtime and minimum wage laws, for the years 2012 through to and including 2017. – **Admitted.**

9. During the years 2012 through to and including 2017, Defendants did not have any posters on the premises that referenced overtime and/or minimum wage laws and/or commission in relation to the overtime and minimum wage laws. – **Admitted.**

10. During the years 2012 through to and including 2017, Plaintiff always worked more than forty (40) hours a week. – **Admitted.**

11. During the years 2012 through to and including 2017, Plaintiff was not paid for overtime hours worked. – **Admitted that Plaintiff was not paid overtime wages. However, genuine issues of material fact remain as to whether he actually worked overtime and is entitled to payment of overtime wages.**

12. Plaintiff is owed *some* overtime in this Lawsuit. – **Denied.  Genuine issues of material fact remain.**

Dated this 28th day of September, 2018.

        Respectfully submitted,

        **GRAY|ROBINSON, P.A.**
        *Counsel for Defendants*
        401 East Las Olas Boulevard
        Suite 1000
        Fort Lauderdale, Florida 33301
        P:  954-761-8111  | F:  954-761-8112

By:   */s/Thomas H. Loffredo*
        **Thomas H. Loffredo, Esq.**
        Florida Bar No. 870323
        tom.loffredo@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2018 the foregoing document was filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Thomas H. Loffredo*

## SERVICE LIST

J.H. Zidell, Esq.
Rivkah F. Jaffe, Esq.
E-Mail:  zabogado@aol.com
    rivkah.jaff@gmail.com
**J.H. ZIDELL, P.A.**
300 71st Street
Suite 605
Miami Beach, Florida  33141
Telephone:    305-865-6766
Facsimile:    305-865-7167
*Attorney for Plaintiff*