UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23223-CIV-DPG

SHALOM KATZ and all others similarly ......)
situated under 29 U.S.C. 216(b), ...............)
...................................................................)
.................................Plaintiffs, ...................)
............vs. .....................................................)
...................................................................)
WORLD LIQUIDATORS, INC., ...................)
MEIR PERETZ, .....................................)
...................................................................)
.................................Defendants. ...................)
_____ )

## PLAINTIFF'S OMNIBUS MOTION IN *LIMINE*

**COMES NOW** the Plaintiff, by and through undersigned counsel, and pursuant to the

Federal Rules of Civil Procedure, and files the above-described Plaintiff's Omnibus Motion in

*Limine* and states as follows in support thereof:

1.  Plaintiff moves in *limine* to exclude reference or introduction of the following five (5)

    issues:

    a)  Reference to attorneys' fees and costs;

    b)  Reference to liquidated damages;

    c)  Reference to the undersigned Firm's representation of Plaintiff;

    d)  Any reference to Plaintiff's payment or non-payment of federal income taxes

        and reporting of cash payments on said taxes; and

    e)  Reference to Plaintiff's alleged attendance at horse racing, alleged online

        gambling, and activities related to same.

2.  Defendants do not oppose (1)(a-c) and, as such, Plaintiff respectfully requests that the

    Court grant Plaintiff's Motion in *Limine* on same. Defendants oppose (1)(d-e).

1

## MEMORANDUM OF LAW

Courts have the inherent ability to "to manage the course of [their] trials," including the granting of motions in *limine* when appropriate. *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in limine is "to give the trial judge notice of a movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." E.g., *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012).

### A.  Reference To Attorneys' Fees and Costs.

Any reference to attorneys' fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter. **Defendants do not oppose the entry of an Order to this effect.** The Court in the case of *Gordils v. Ocean Drive Limousines, Inc.,* addressed this exact issue and Ordered:

> There is no legal basis for referring to attorneys' fees and costs at trial. **Attorneys' fees and costs are post-trial issues for the Court that do not relate to any question of fact for the jury to answer.** *See* 29 U.S.C. § 216(b). Additionally, the Eleventh Circuit's current pattern jury instructions removed instructions on attorneys' fees and costs which had previously been included. Therefore *Palma,* on which Defendants rely, is inapplicable. That court allowed the defendants to refer to attorneys' fees and costs "only in their closing argument and limited to the instruction." *Palma,* 2011 WL 6030073, at *1. The instruction has changed. There is no longer any basis, not even in closing argument, to refer to attorneys' fees and costs to the jury. *Dingman v. Cart Shield USA, LLC,* 12–20088–CIV, 2013 WL 3353835 (S.D.Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial); *Tapia v. Florida Cleanex, Inc.,* No. 09–21569–CIV, ECF No. 126 (S.D.Fla. Mar. 27, 2013) (same). The parties must not refer   to attorneys' fees and costs before the jury.

*Gordils v. Ocean Drive Limousines, Inc.,* No. 12-24358-CV, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014) [emphasis added]. The issue of attorney fees and costs are matters decided by the Court post trial and not by the jury and would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Attorneys' fees and costs have no probative value and would not benefit the jury's role in this matter. As such, any reference to attorney fees and costs at trial should be excluded.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to attorneys' fees and costs at trial; Defendants do not oppose same.

**B.  <u>Reference To Liquidated Damages.</u>**

Any reference to liquidated damages should be excluded at Trial. **Defendants do not oppose the entry of an Order to this effect.** The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). *See also*, *Reeves v. International Tel. & Tel. Corp*., 616 F.2d 1342 (5th Cir. 1980). However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiff prevails). "The willfulness or good faith question is answered first by the jury ... and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages." 11th Cir. Civil Pattern Jury Instructions § 4 .14 cmt. II.B. (2013) (citing *Morgan v. Family Dollar Stores, Inc.* 551 F.3d 1233, 1282 (11th Cir.2008)); *See also, Gordils v. Ocean Drive Limousines, Inc.,* No. 12-24358-CV, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014).

Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them.  The issue of liquidated damages would thus confuse the jury as they have no

need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to liquidated damages at trial; Defendants do not oppose same.

**C.  Reference To Undersigned Firm's Representation Of Plaintiff.**

Any reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. **Defendants do not oppose the entry of an Order to this effect.** As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986); *See*, Fed. R. Evid. Rule 403; *See also, Lux et. al. v. RCH Lawn Maintenance LLC., et. al* 16-25039-CV-King at * 2 (S.D. Fla. April 10, 2018)("the probative value, if any, of making references to the Plaintiffs' attorney-client relationship is substantially outweighed by the prospect of prejudice to the Plaintiffs. Therefore, Plaintiffs' Motion in Limine to bar references to the Plaintiffs' attorney-client relationship or legal representation is granted."); *Medrano v. The investment Emporium LLC., et al* at *2 (S.D. Fla. Oct. 26, 2015).

The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case.

4

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise; Defendants do not oppose same.

### D.  <u>Reference To Plaintiff's Taxes.</u>

Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Here, the "Plaintiff's wrongdoing—failing to pay federal income taxes on wages already earned—is in no way connected with the Defendants' alleged failure to properly compensate Plaintiff." *Solano v. A Navas Party Produc., Inc.*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010) (Altonaga, J.) (rejecting *in pari delicto* defense); *see also Martinez–Pinillos v. Air Flow Filters, Inc.,* 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010) (Martinez, J.); *Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at *4 (S.D. Fla. Jan. 25, 2010) (Graham, J.) (noting "[t]here is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment"). Some courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack the plaintiff's credibility under Federal Rule of Evidence 608(b). *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera*, No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris,*

*Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to

file a tax return is a matter which affects the witness's credibility.").

Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific

instances of a witness's conduct in order to attack or support the witness's character for

truthfulness." A court, however, "may, on cross-examination, allow them to be inquired into if

they are probative of the [witness's] character for truthfulness or untruthfulness." *Id.* Questioning

Plaintiff on her filing of income taxes is irrelevant to the case at hand and will unfairly prejudice

Plaintiff. As stated by this District previously:

> ... the undersigned concludes that Defendants shall be precluded
> from suggesting that Plaintiffs failed to pay income taxes because
> such evidence will likely create undue prejudice in the minds of
> the jurors: and it will likely give rise to collateral disputes --
> including the extent of Plaintiffs' reporting obligations regarding
> such taxes -- that will cause undue delay and confusion of the
> issues. Thus, Plaintiffs' motion in limine to preclude Defendants
> from introducing evidence that Plaintiffs failed to pay income
> taxes is GRANTED.

*Ortiz v. Santuli Corp.,* 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009). As noted by the

Honorable District Judge Marcia G. Cooke in the Order on plaintiff's motion in *limine* in the

case of *Medrano v. The investment Emporium LLC., et al,* Case No.: 14-24314-CIV-MGC (S.D.

Fla. Oct. 26, 2015): "Plaintiff's Motion *in limine* to exclude any reference at trial to his paying of

federal income taxes and reporting of cash payments on said taxes is **GRANTED...** as noted in

*Ortiz v. Santuli Corp.,* No. 08-20218-CIV, 2009 WL 2382144 (S.D. Fla. Aug. 3, 2009),

"suggesting that a party failed to pay his income taxes creates an "undue prejudice in the minds

of the jurors; and, it will likely give rise to collateral disputes—including the extent of [a party's]

reporting obligations regarding such taxes—that will cause undue delay and confusion of the

issues. *Id.* at *1." *Id.*" The evidence is inadmissible on its face. It will create unnecessary delays

by engaging in collateral matters which are not relevant to the case. Consequently, any reference to Plaintiff's income tax returns should be excluded.

In addition to evidence Defendants may try to introduce arguing that Plaintiff failed to report (or fully and accurately report) all of their income in relation to taxes, Plaintiff requests that Defendants not be able to question Plaintiff at all regarding his taxes as such would be prejudicial before the jury and cause unnecessary confusion, and would not otherwise be relevant. Plaintiff's private financial life is not relevant to Plaintiff's claims and is otherwise protected by Section 23 of Article I of the Florida Constitution. *See Berlinger v. Wells Fargo, N.A.*, 2014 WL 6686276, at *3 (M.D. Fla. 2014) (under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings). In *Berlinger*, the Court stated:

> [P]ersonal finances are among those private matters kept secret by most people. *Woodward v. Berkery,* 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing *Winfield v. Div. of Pari–Mutuel Wagering,* 477 So.2d 544 (Fla.1985)).

The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues. *Id.* at 1036. It follows that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. *Straub v. Matte,* 805 So.2d 99, 100 (Fla. 4th DCA 2002). *Id. citing Rappaport v. Mercantile Bank,* 17 So. 3d 902, 906 (Fla. 2d DCA 2009) (quotes omitted). Also, as the Court noted in *Daniel Valderrabano Torres v. Rock & River Food Inc. d/b/a Marumi Sushi, et al.,* Case No. 15-22882-RNS [DE73], "employers also have the responsibility to withhold taxes and pay social security. Permitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus

the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes…" Defendants' should not be entitled to embark on a mini-IRS audit of Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes  should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Defendants oppose this request.

Wherefore, Plaintiff respectfully request that the Court grant Plaintiff's Motion in *Limine* and exclude reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes.

### E. Reference To Plaintiff's Alleged Attendance At Horse Racing Alleged Online Gambling, And Activities Related To Same.

Any reference to Plaintiff's' alleged attendance at horse racing, alleged online gambling, and activities related to same should be excluded from testimony in this case. Rules 401 and 402 of the Federal Rules of Evidence govern the admissibility of relevant evidence. In particular, only relevant evidence is admissible at trial. Fed. R. Evid. 402; Allen v. County of Montgomery, Ala., 788 F.2d 1485, 1488 (11th Cir. 1986). Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the Evidence." Fed. R. Evid. 401. Any reference to Plaintiff's alleged attendance at horse racing, alleged online gambling, and activities related to same would involve different facts and circumstances that are not probative of any fact or issue present in this instant case. Rule 404(b) specifically prohibits the introduction of past acts to prove the character of a person so as to show that the plaintiff acted in conformity therewith. Fed.R.Evid. 404(b); *United States v. Covington,* 565 F.3d 1336, 1341 (11th Cir. 2009) ("Rule 404(b) prohibits the introduction of

pure propensity evidence."). Rule 404(b) is predicated on the assumption that such propensity evidence is inherently of small probative value while also being highly prejudicial. *See Coletti v Cudd Pressure Control,* 165 F. Case 1:12-cv-24358-JLK Document 74 Entered on FLSD Docket 12/16/2013 Page 3 of 7 4 3d 767, 776 (10th Cir. 1999) (citing *Reyes v. Missouri Pac. R. Co.,* 589 F.2d 791, 793 (5th Cir.1979).

In the instant case, any attempt to introduce evidence relating to Plaintiff's alleged attendance at horse racing, alleged online gambling, and activities related to same would be an impermissible attempt to question Plaintiff's character in the form of propensity evidence and this is exactly the kind of propensity evidence precluded by Rule 404(b).Rule 403 states: "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *See Palmer v. Bd. of Regents of Univ. System Of Ga.,* 208 F. 3d 969 (11th Cir. 2000); *United States v. Gray,* 730 F.2d at 735; *Williams v. Asplundh Tree Expert Co.,* 2006 WL 2868923 (M.D. Fla. 2006) (holding that evidence of prior litigation to prove knowledge by the Defendants is inadmissible pursuant to Federal Rule of Evidence 403). Plaintiff's alleged attendance at horse racing, alleged online gambling, and activities related to same would not be relevant and seeks only to confuse the jury; or worse, unfairly prejudice the jury against Plaintiff.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to Plaintiff's alleged attendance at horse racing, alleged online gambling, and activities related to same, at trial.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT EXCLUDE IN *LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE.

DEFENDANTS DO NOT OPPOSE (1)(A-C) AND, AS SUCH, PLAINTIFF RESPECTFULLY

REQUESTS THAT THE COURT GRANT PLAINTIFF'S MOTION IN *LIMINE* ON SAME.

## <u>CERTIFICATE OF CONFERRAL</u>

Defense counsel has indicated that Defendants do not oppose (1)(a-c). Defendants oppose

(1)(d-e).

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS SENT VIA CM/ECF ON 10/31/18 TO THE FOLLOWING:**

**THOMAS H. LOFFREDO, ESQ.
GRAY ROBINSON, P.A.
401 EAST LAS OLAS BOULEVARD, SUITE 1000
FORT LAUDERDALE, FLORIDA 33301
PH: 954-761-8111
FAX: 954-761-8112
EMAIL: TOM.LOFFREDO@GRAY-ROBINSON.COM**

**BY:__/s/____Rivkah F. Jaff_____
        RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23223-CIV-DPG

| | |
|---|---|
| SHALOM KATZ and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| WORLD LIQUIDATORS, INC., MEIR PERETZ, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**ORDER GRANTING PLAINTIFF'S OMNIBUS MOTION IN _LIMINE_**

This matter came on to be heard regarding the Plaintiff's above-described Motion and the

Court otherwise being advised in the premises, it is:

ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion is hereby

GRANTED and therefore the Parties shall not during trial introduce any evidence regarding:

a)  Reference to attorneys' fees and costs;

b)  Reference to liquidated damages;

c)  Reference to the undersigned Firm's representation of Plaintiff;

d)  Any reference to Plaintiff's payment or non-payment of federal income taxes

and reporting of cash payments on said taxes; and

e)  Reference to Plaintiff's alleged attendance at horse racing, alleged online

gambling, and activities related to same.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of

_____ 2018

_____

11

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record