UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  1:17-cv-23223-DPG

SHALOM KATZ and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

WORLD LIQUIDATORS, INC.,
MEIR PERETZ,

    Defendants.
_____/

**DEFENDANTS' RESPONSE MEMORANDUM OF LAW
IN OPPOSITION TO  PLAINTIFF'S OMNIBUS MOTION *IN LIMINE***

Defendants WORLD LIQUIDATORS, INC., and MEIR PERETZ (collectively, "PERETZ" or "Defendants"), by and through their undersigned counsel, hereby serve and file their Response Memorandum of Law in Opposition to Plaintiff's Omnibus Motion *In Limine*.

**MEMORANDUM OF LAW**

In this action, Plaintiff seeks recovery of alleged unpaid overtime compensation and minimum wage under federal and state statutes for a five-year time period from 2012 to 2017. Plaintiff seeks to exclude evidence on a variety of issues at trial in this action, which will focus almost exclusively on what, if any, entitlement he has to such recovery.  Defendants have already noted their lack of objection to issues a, b, and c in Plaintiff's Omnibus Motion *in Limine*, and thus will address only the two remaining portions of the Omnibus Motions at issue.

### d. *Evidence of Plaintiff's Non-Payment of Federal Income Taxes and Reporting of Cash Income*

In deposition, Plaintiff admitted that during his employment he was, in part, paid in cash by Defendants. Katz Depo. Tr., 55:19–59:24, Mar. 5, 2018.  Plaintiff admits he did not calculate how much cash he received from Defendants during his employment. Katz Depo. Tr. 60:6–9, 154:16–155;20, Mar. 5, 2018.  Moreover, from 2012 to 2017, Plaintiff's W-2 forms did not reflect the cash payments he received from Defendants. Katz Depo. Tr., 61:21–63:8, Mar. 5, 2018.  Plaintiff admittedly failed to report any cash payments to the Internal Revenue Service. Katz Depo. Tr., 61:21–63:8, Mar. 5, 2018.

Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., an "unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime worked." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015).  An "FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation." *Allen v. Bd. of Pub. Educ. For Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007). "[I]f an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes," then "an employee has carried out his burden **if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount** and extent of that work as a matter of just and reasonable inference." *Id*. at 1315–16 (quotation marks omitted)(emphasis supplied).

As recently as September 2018, the Eleventh Circuit touched on a plaintiff's burden in *Morgan v. Kalka & Baer, LLC*, --- Fed. Appx. ---, Case No. 16-16032, 2018 WL 4275867 at *1 (11th Cir. Sept. 7, 2018):

> On this record, Morgan failed to establish there was a genuine issue about whether she worked unpaid overtime. *See Bailey*, 776 F.3d at 801. Morgan's deposition testimony called into question Kalka & Baer's record-keeping. *See Allen*, 495 F.3d at 1315. But **she did not offer any documentation of her own**, submitting only the same time sheets put into evidence by Kalka & Baer. Id. at 1315–16. And in any event, **Morgan's documentation does not show she worked unpaid overtime**. The time sheet corresponding to the only paystub in the record, for the time period between January 26, 2014 and February 10, 2014, shows Morgan worked 40 hours per week for those two weeks. The paystub showing payment for 80 hours with no overtime pay is therefore accurate.

*Id.* at *5 (affirming summary judgment in favor of employer in FLSA suit where employee failed to present record evidence of unpaid overtime worked) (emphases supplied).

Here, evidence of Plaintiff's failure to maintain records of cash income payments received from Defendants (*e.g.*, failure to report cash income to Internal Revenue Service and pay taxes on same), is material to disputing the *prima facie* elements of Plaintiff's FLSA and FWA claims. At trial, Defendants are entitled to inquire and rebut Plaintiff's alleged income records which are required to establish his claims. Defendants must not be expected to defend this lawsuit with their proverbial "hands tied behind their backs." Plaintiff's claims of cash income records must be explored, questioned, rebutted, and if necessary, impeached with his own prior deposition testimony regarding failure to report cash income to the Internal Revenue Service and failure to pay taxes were paid on that cash income.

Accordingly, Plaintiff's request to exclude any reference to his failure to report of pay income taxes on cash income received from Defendants must be summarily denied. In the event that the Court disagrees and grants Plaintiff's motion on this issue, however, Defendants respectfully request that the ruling also apply to preclude evidence of any alleged failure by Defendants to report or pay taxes on cash sales.

   *e. **Evidence of Plaintiff's Alleged Attendance at Horse Racing, Alleged On-Line Gambling and Other Related Activities.***

  There is evidence in the record that Plaintiff was an avid gambler, sometimes even engaging in online computer gambling while at the World Liquidators workplace.  Defendants are not interested in introducing evidence of Plaintiff's gambling activities outside of the workplace.  However, his online computer gambling while at World Liquidators is certainly relevant to his claims in this action.

  In this action, Plaintiff is seeking alleged unpaid overtime under state and federal statutes.  Even accepting Plaintiff's version of events as true, at best, he worked 41 hours a week for World Liquidators, meaning he is claiming one hour per week in alleged unpaid overtime.  Thus, whether he actually worked 41 hours per week during his employment is very much relevant to the remaining issues in this case.

  Plaintiff claims that he would often come into work before the daily start time for all employees and begin working.  There is and will be opposing witness evidence that if Plaintiff did arrive at work before the start time to eat breakfast, read the newspaper, watch television, and even engage in online computer gambling, rather than doing his job duties for World Liquidators.  Likewise, there is and will be evidence that he did even engaged online computer gambling while at the workplace.  Thus, given that the amount of time Plaintiff actually worked every week is very much at issue, his workplace activities – including online computer gambling – are indeed relevant to the claims and defenses in this action. Additionally, as discussed previously above, Plaintiff's routines when arriving at the workplace must be explored at trial to rebut his purported recordkeeping of his hours worked.  Alternatively, to the extent the Court is inclined to exclude reference to Plaintiff's "online gambling", Defendants request the Court

permit evidence and testimony related to Plaintiff's non-work related, personal use of the computers in the workplace before beginning his daily duties.

Accordingly, Plaintiff's Omnibus Motion as to introduction of evidence or reference to Plaintiff's online computer gambling at the workplace should be denied. As to his other gambling activities outside of the workplace, Defendants do not oppose Plaintiff's Omnibus Motion.

**WHEREFORE**, Defendants World Liquidators, Inc., and Meir Peretz, by and through their undersigned attorneys, hereby moves this Honorable Court to deny parts d and e of Plaintiff's Omnibus Motion and permit presentation of evidence and testimony on these issues at trial.

Dated this 21st day of November, 2018.

                                          Respectfully submitted,

                                        **GRAY|ROBINSON, P.A.**
*Counsel for Defendants*
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Phone:       954-761-8111
Facsimile:   954-761-8112

By:    */s/ Tom Loffredo*
       **Thomas H. Loffredo, Esq.**
       Florida Bar No. 870323
       tom.loffredo@gray-robinson.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 21, 2018 the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/  Tom Loffredo*
**Thomas H. Loffredo, Esq.**
Florida Bar No 870323

## SERVICE LIST

J.H. Zidell, Esq.
Rivkah F. Jaffe, Esq.
E-Mail: zabogado@aol.com
   rivkah.jaff@gmail.com
**J.H. ZIDELL, P.A.**
300 71st Street
Suite 605
Miami Beach, Florida 33141
Telephone: 305-865-6766
Facsimile: 305-865-7167
*Attorney for Plaintiff*

Thomas H. Loffredo, Esq.
E-Mail: tom.loffredo@gray-robinson.com
**GRAYROBINSON, P.A.**
401 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, Florida 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112
*Attorneys for Defendants*